RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JEANNE CHASE, ET AL. | CIVIL ACTION NO. 08-0087 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STANDARD ENTERPRISES, INC. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Pending before the Court is Magistrate Judge Hayes' Report and Recommendation [Doc. No. 35], recommending that Plaintiff Jeanne Chase's ("Chase") claims be dismissed with prejudice for failure to comply with or respond to the Court's orders. *See* FED. R. CIV. P. 41(b). For the following reasons, and for the reasons set forth in the Report and Recommendation, which the Court ADOPTS, Chase's claims are DISMISSED WITH PREJUDICE.

## I. PROCEDURAL HISTORY

On April 16, 2009, Chase's counsel withdrew from the case, and Chase was ordered to enroll new counsel within 30 days. [Doc. No. 29].

On May 28, 2009, Chase was granted an extension of time to obtain counsel or notify the Court that she intended to proceed *pro se* by June 26, 2009. [Doc. No. 33].

Chase failed to comply with the Order and did not otherwise seek an extension of time. On July 7, 2009, the Court ordered Chase to show cause in writing by July 22, 2009, why her claims should not be dismissed with prejudice for failing to comply with the Court's May 28, 2009 order. [Doc. No. 34]. Chase did not respond.

On July 30, 2009, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 35], recommending that Chase's claims be dismissed with prejudice. The time for filing an objection has lapsed and Chase has not filed an objection as of the date of this Ruling and Judgment.

## II. LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (citing FED. R. CIV. P. 41(b)). A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Id.* Accordingly, dismissals with prejudice for failure to prosecute are appropriate "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* at 1191. A "clear record of delay" exists when there have been "significant periods of total inactivity." *Id.* at 1191 n.5 (internal quotations omitted). In addition, typically one of three aggravating factors must be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 1191 (internal quotations omitted).

In this case, the Court has given Chase over three (3) months to obtain counsel or notify the Court that she wishes to proceed *pro se*. Chase has failed to respond to two (2) of this Court's orders and has failed to explain her delay, despite being given several opportunities to do so. Because lesser sanctions have not prompted Chase to diligently pursue this cause of action and it appears that the delay is solely attributable to her conduct, the Court ADOPTS Magistrate Judge Hayes' recommendation that her claims be dismissed with prejudice.

MONROE, LOUISIANA, this 24 day of August, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

2